**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 08-4877**

———————

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

         v.

MICHAEL GREER,

              Defendant - Appellant.

———————

Appeal from the United States District Court for the Southern
District of West Virginia, at Beckley.   Thomas E. Johnston,
District Judge.  (5:08-cr-00061-1)

———————

Submitted:  April 23, 2009          Decided:  April 29, 2009

———————

Before MICHAEL, GREGORY, and DUNCAN, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Mary Lou Newberger, Federal Public Defender, Jonathan D. Byrne,
Appellate Counsel, George H. Lancaster, Jr., Assistant Federal
Public Defender, Charleston, West Virginia, for Appellant.  John
J. Frail, Assistant United States Attorney, Charleston, West
Virginia, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Michael Greer appeals the district court's judgment imposing a sentence of 180 months of imprisonment for aiding and abetting the possession with intent to distribute a quantity of heroin. On appeal, Greer's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), noting no meritorious issues for appeal, but raising the issue of whether the district court erred by imposing an unreasonable sentence. Greer was informed of his right to file a pro se supplemental brief but elected not to do so. Finding no error, we affirm.

We review Greer's sentence for abuse of discretion. Gall v. United States, 128 S. Ct. 586, 597 (2007). The first step in this review requires us to ensure that the district court committed no significant procedural error, such as improperly calculating the guidelines range. United States v. Osborne, 514 F.3d 377, 387 (4th Cir.), cert. denied, 128 S. Ct. 2525 (2008). We then consider the substantive reasonableness of the sentence imposed, taking into account the totality of the circumstances. Gall, 128 S. Ct. at 597. When reviewing a sentence on appeal, we presume that a sentence within a properly-calculated Guidelines range is reasonable. United States v. Allen, 491 F.3d 178, 193 (4th Cir. 2007).

The record reveals that the district court understood the Guidelines are advisory, considered the 18 U.S.C.A. §

2

3553(a) (West 2000 & Supp. 2008) factors, and sentenced Greer within his properly-calculated advisory Sentencing Guidelines range of 151-188 months of imprisonment. Under these circumstances, we find the sentence was reasonable. Allen, 491 F.3d at 193.

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED